869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wallace MITCHELL, Plaintiff-Appellant,
v.
Scott THOMPSON, Corrections Officer; Doctor Buendia, In
Their Personal and Professional Capacity,
Defendants-Appellees.
 No. 88-3724.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Wallace Mitchell, proceeding pro se, appeals the order of the district court dismissing his complaint without prejudice pursuant to 28 U.S.C. Sec. 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mitchell brought suit under 42 U.S.C. Sec. 1983 alleging that Ohio State Reformatory Corrections Officer Scott Thompson and Prison Doctor Buendia severely injured his hand by the reckless operation of a mechanical cell door and the subsequent medical treatment of the injured hand.
 
 
 3
 The district court dismissed the complaint without prejudice because the complaint failed to allege a deprivation of any rights secured by the Constitution and laws of the United States. 42 U.S.C. Sec. 1983.
 
 
 4
 Upon review, we find no error. The complaint alleges mere negligence on the part of defendants. Therefore, plaintiff failed to allege the abuse of governmental power necessary to support a constitutional claim. No procedure for compensation is constitutionally required where a governmental official is merely negligent in causing an injury. Daniel v. Williams, 474 U.S. 327 (1986); David v. Cannon, 474 U.S. 344 (1986).
 
 
 5
 Accordingly, the order of the district court dismissing Mitchell's cause of action without prejudice is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.